The plaintiff, being sheriff of Lincoln County, received a writ of fieri facias for $2,498.23, with interest and costs, recovered by the defendant Green against the defendant Johnson, as administrator of Timothy Chandler, deceased. The plaintiff placed the execution in the hands of one Maury, one of his deputies, who seized under it two slaves, which were found in the possession of the defendant Morris, and also six other slaves and some cattle and household furniture which were found in the possession of the defendant Elizabeth Chandler. The seizure was made by the direction of the creditor Green, who pointed out the slaves and other articles to the deputy sheriff as property belonging to the estate of Timothy Chandler, derived from Elizabeth Chandler by their intermarriage and his subsequent possession. Morris, alleging the two slaves that were taken out of his possession to belong to him under (230) *Page 186 
an appointment by Elizabeth Chandler under a power in the will of one Arthur Graham, a former husband of the said Elizabeth, instituted an action of detinue for those slaves against Maury and Green. James Graham, as administrator of one William Graham, deceased (who was a son of the said Arthur Graham, deceased), also claimed the other six slaves under a provision in the will of the father, Arthur, and brought an action of detinue for them against the same persons. A third action, namely, trespass, was brought against the same parties, Maury and Green, by Elizabeth Chandler, who claimed property in part of the slaves and other articles and the right of possession of the whole, and denied that any part was of the estate of her last husband, Timothy Chandler. The deputy sheriff delivered all the effects seized to his principal, the present plaintiff, and he was required by the creditor Green to proceed to a sale, and also by Johnson, the administrator of Timothy Chandler, who insisted that the slaves and other things did belong to the estate of his intestate. The sheriff then filed this bill as a bill of interpleader against Green, Johnson, administrator of T. Chandler, and against the plaintiffs in the three actions at law, that is to say, Morris, James Graham, administrator of William Graham, and Elizabeth Chandler, in which he acknowledges the possession in himself of all the property seized by his deputy, and submits to deliver to either or any of the defendants or otherwise to dispose of it as of right he ought, and in the meanwhile prays for an injunction against further proceedings in the suits already brought at law, and also to restrain the creditor Green from taking any steps at law to compel him to sell, or amerce, or otherwise punish him for not selling.
To this bill the defendants Green and Johnson, administrator, demurred, and the other defendants put in answers setting forth the nature of their respective claims and submitting to interplead with the other parties. But when the cause came on to be argued on the demurrer between the plaintiff and the two defendants, who had put it in, the judge of the court of equity was of opinion that the case was not a fit one for a bill (231) of interpleader, and therefore sustained the demurrer and dismissed the bill as against those two parties. From that decree the plaintiff appealed to this Court.
In support of the bill the counsel for the plaintiff has been unable to adduce the authority of any adjudication. His only reliance is a dictum ofLord Mansfield in Cooper v. Sheriff of London, 1 Bur., 37; in which he mentions a bill filed in chancery by the sheriff in a case of disputed property as one of the modes *Page 187 
in which a sheriff may be relieved from danger or indemnified from loss. That, however, could not be a question in that cause, and indeed the doctrine belonged to another jurisdiction, and therefore, although laid down by an eminent judge, is not authority. We are saved the necessity of discussing the question on elementary principles by having a case in equity deciding it in opposition to that opinion of Lord Mansfield. Slingsby v.Boulton, 1 Ves. Bea., 334, was a bill of interpleader by a sheriff similar to the present, and on the motion for an injunction Lord Eldon
inquired for an instance of such a bill by a sheriff, and none being cited he declared the sheriff to be concluded from stating a case of interpleader because in such a bill the plaintiff always admits a title against himself in all the defendants. He said a person cannot file such a bill who is obliged to state that as to some of the defendants the plaintiff is a wrongdoer.
If in this case the property was in the plaintiffs in the actions that have been brought at law, the sheriff was a trespasser in seizing it, and he did it upon the responsibility of answering for the act as a trespass. Against that risk he should have provided by taking a bond of indemnity from the execution creditor. He cannot escape from responsibility by turning over the owners of the property on the creditor. On the other hand, if the property was really subject to the debt it was properly seized, and the creditor is entitled to have it sold, notwithstanding unfounded actions or claims by third persons. The sheriff having thus made himself liable to one or other of the parties by misfeasance or nonfeasance is not a mere stakeholder, but his interest is directly involved in any decision that can be made on the claims of the other parties. (232)
The decree must therefore stand affirmed and with costs in both courts.
PER CURIAM. Decree accordingly.
Cited: Quinn v. Patton, 37 N.C. 51. *Page 188